IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEITH DEEL, *et al.*,

    Plaintiffs,

    v.

LITHIA MOTORS, INC.,

    Defendant.

Case No. 2:25-cv-234

## OPINION & ORDER

Plaintiffs Keith Deel, Jeff Fink, and Gail West seek damages for their alleged unlawful termination under the Sarbanes-Oxley Act (SOX), 18 U.S.C. § 1514A; the Virginia Whistleblower Protection Act (VWPA), Va. Code § 40.1-27.3; and Virginia public policy. Defendant Lithia Motors, Inc. moved to dismiss all three claims. ECF No. 3. Because the plaintiffs do not demonstrate that they engaged in protected activity as required under SOX, the motion will be **GRANTED**, but the Court will permit the plaintiffs to seek leave to amend the Complaint.

## I.  BACKGROUND

The plaintiffs previously worked for vehicle dealerships owned by Lithia. ECF No. 1 ¶¶ 12–14. Lithia entered into an exclusive contract with Adesa Auctions, which granted Adesa the "sole rights to auction Lithia's wholesale vehicles from its [Washington,] D.C. market." *Id.* ¶ 15. Despite this contract, beginning in April 2024, Matt Bibbo, general manager of 16 Lithia dealerships, "directed sales of wholesale vehicles" to wholesalers that were not Adesa "at below-market rates, causing Lithia

significant losses." *Id.* ¶ 18. The plaintiffs discovered this "misconduct" and learned Bibbo was "hiding billing data." *Id.* ¶¶ 19–22.

In March 2024, Plaintiff Deel reported to Robert Kibbler, vice president of Lithia Group, "that vehicles had been sold to Adcock." ECF No. 1 ¶ 22. From March to April 2024, Deel "repeatedly asked Kibbler about the many missing vehicles," and on March 21, 2024, "Deel explicitly asked Kibbler about the 'legality' of Bibbo's 'back door' sales." *Id.* ¶¶ 23, 25. On May 9, 2024, Kibbler fired all three plaintiffs. *Id.* ¶ 42.

The plaintiffs filed a complaint with Occupational Safety and Health Administration (OSHA) on November 5, 2024. ECF No. 1 ¶ 9. OSHA dismissed the complaint, and the plaintiffs appealed to an administrative law judge (ALJ). *Id.* In April 2025, the plaintiffs filed the Complaint in this case, seeking damages under SOX, the VWPA, and Virginia public policy. *Id.* ¶¶ 44–58.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. When considering a motion to dismiss,

the court "must take all the factual allegations in the complaint as true," but the court

is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B.    Sarbanes-Oxley Act

SOX "prohibits employers in public companies from firing an employee for

providing information to a person with supervisory authority over the employee

relating to mail fraud, wire fraud, bank fraud, securities fraud, a violation of any

[Securities and Exchange Commission] rule or regulation or fraud against

shareholders." *Northrop Grumman Sys. Corp. v. U.S. Dept. of Lab., Admin. Rev. Bd.*,

927 F.3d 226, 229 (4th Cir. 2019) (citing 18 U.S.C. § 1514A(a)(1)). "SOX requires an

employee asserting a whistleblower claim to establish: (1) the employee engaged in a

protected activity; (2) the employer knew or suspected that the employee engaged in

a protected activity; (3) the employee suffered an adverse action; and (4) the

circumstances were sufficient to raise the inference that the protected activity was a

contributing factor in the adverse action." *Id.* (citing 29 C.F.R. § 1980.104(e)(2)).

## III.   ANALYSIS

### A.    SOX Administrative Remedies

A whistleblower has 180 days from when the purported violation occurred (or

the date they became aware of the violation) to file an administrative complaint with

OSHA. 18 U.S.C. § 1514A(b)(2)(D); 29 C.F.R. § 1980.103(d). "If the Secretary of Labor

has not issued a final decision within 180 days of filing of the complaint and there is

no showing that such delay is due to the bad faith of the claimant," the claimant may

file in federal court. 18 U.S.C. § 1541A(b)(1)(B); *Murray v. UBS Sec.*, LLC, 601 U.S. 23, 27 (2024).

Here, the plaintiffs filed a complaint with OSHA on November 5, 2024—exactly 180 days after their May 9, 2024 termination. ECF No. 1 ¶ 9. OSHA dismissed the complaint, and the plaintiffs appealed to an ALJ. *Id.* The plaintiffs do not allege that the ALJ has reached a final decision.[1] Therefore, because more than 180 days have passed since the OSHA filing without a final decision and there is no showing that the delay is due to the plaintiffs' bad faith, the Court may consider the plaintiffs' SOX claim.

### B.    SOX Claim

The plaintiffs fail to plausibly allege the first prong of a SOX whistleblower claim—that they engaged in a protected activity.[2] To satisfy this element, "an employee must show that [they] had a subjective belief and an objectively reasonable belief that the conduct [they] complained of violated" one of the six authorities

---

[1] Actions under 18 U.S.C. § 1541A(b)(1)(A) are governed by the procedures set out in 49 U.S.C. § 42121(b)(4), which provides for judicial review of final administrative orders in the appropriate U.S. Court of Appeals. 49 U.S.C. § 42121(b)(4)(A) ("Any person adversely affected or aggrieved by an order issued under paragraph (3) may obtain review of the order in the [U.S.] Court of Appeals for the circuit in which the violation, with respect to which the order was issued."). *See Groncki v. AT&T Mobility LLC*, 640 F. Sup. 2d 50, 52–54 (D.D.C. 2009) (under SOX, a final decision from an ALJ is precluded from re-litigation in district court and must be appealed to the appropriate Court of Appeals).

[2] The Court is also concerned about the adequacy of the plaintiffs' pleadings with respect to the second prong—that the employer knew or suspected that the employee engaged in a protected activity. But because the plaintiffs' claim fails on the first requirement, the Court need not analyze the remaining three.

"enumerated [in] § 1514A(a)(1)." *Northrop Grumman*, 927 F.3d at 229. Additionally, the employee must demonstrate that "[their] communications to [their] employer definitively and specifically related to one of the six laws listed [in the statute]." *Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008) (cleaned up).

The Complaint alleges the plaintiffs had the following interactions and correspondence with a supervisor, Robert Kibbler:[3] (1) On March 11, Plaintiff Deel notified Kibbler "that vehicles had been sold to Adcock," ECF No. 1 ¶ 22; (2) "from March 12 to April 2024, [Plaintiff] Deel repeatedly asked Kibbler about the many missing vehicles," *id.* ¶ 23; (3) "on March 21, [Plaintiff] Deel explicitly asked Kibbler about the 'legality' of Bibbo's 'back door' sales," *id.* ¶ 25.

None of these allegations give rise to a reasonable inference that the plaintiffs' communications with Kibbler "definitively and specifically" related to one of the six enumerated laws under SOX. The first two interactions raise the inference of a potential violation of the contract between Lithia and Adesa but do not connect the dots as to any potential violation of federal law. *See Platone v. U.S. Dept. of Lab.*, 548 F.3d 322, 326 (4th Cir. 2008) (upholding ALJ decision that "alerting [] management to an internal billing issue" is not enough to "make a proper allegation of fraud").

A generous reading of the allegations as to the third interaction could possibly suggest a federal securities law violation, because the plaintiffs use the terms

---

[3] The plaintiffs do not expressly allege that Kibbler was a "person with supervisory authority over [them]," as required under SOX. 18 U.S.C. § 1514A(a)(1)(C). But because the plaintiffs allege that Kibbler fired them, the Court reasonably infers that, Kibbler was a supervisor with authority over the plaintiffs' employment. ECF No. 1 ¶ 42.

"legality" and "back door sales," explaining the latter as a term of art that refers to "private, off-the-books, or insider transactions." *Id.* ¶ 26. But nevertheless, this communication does not plausibly connect the dots as to a potential federal securities law violation "definitively and specifically." *See Platone*, 548 F.3d at 327 (plaintiff did not "clearly articulate[] her belief of mail or wire fraud" to management, and the first time she did so "was in her OSHA complaint").

Furthermore, the plaintiffs fail to allege that they subjectively believed the activity they were reporting was fraud in violation of federal securities law. The Complaint does not contain any allegation that the plaintiffs *believed* that the "back door sales" violated any of the six laws enumerated in 18 U.S.C. § 1514A(a)(1). Instead, the Complaint lists reasons why back-door sales are "frowned upon," including because such sales could violate several Virginia Code provisions (but not any federal law). *Id.* ¶¶ 27–28.

The Complaint contains only one conclusory paragraph describing the plaintiffs' beliefs. ECF No. 1 ¶ 45 ("Plaintiffs engaged in protected activity by reporting Bibbo's sales, which they reasonably believed constituted fraud or mismanagement harming Lithia shareholders.). But conclusory allegations are not enough to state a claim. *See Livingston v. Wyeth, Inc.*, 520 F.3d 344 (4th Cir. 2008) (requiring allegation that SOX defendant misled or "intended to mislead"

shareholders "as necessary to support a reasonable belief that the securities laws had been or were being violated").

Therefore, the plaintiffs do not plausibly allege that they engaged in activity protected under SOX.

### C.    State Law Claims

The plaintiffs' state-law claims under the VWPA and Virginia public policy are premised on the same alleged conduct as the SOX claim. Therefore, the Court has jurisdiction over the state law claims under 28 U.S.C. § 1331, and thus has discretion regarding whether it will exercise jurisdiction after dismissal of all federal claims in this case. 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). In deciding how to exercise that discretion, courts weigh "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

The Court declines to exercise jurisdiction over the plaintiffs' state-law claims here. The parties will not be inconvenienced or unfairly prejudiced because they could bring their state-law claims in state court. Additionally, there are no underlying

issues of federal policy that suggest the Court should retain jurisdiction. In fact, issues of comity and judicial economy weigh *against* retaining jurisdiction.

## IV.    CONCLUSION

The defendant's motion to dismiss (ECF No. 3) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

The plaintiffs may file a motion for leave to amend on or before December 9, 2025. The Scheduling Order's deadline to request leave to amend has passed. ECF No 8. at 2. Thus, any motion must address the requirements of Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 15.[4]

**IT IS SO ORDERED**.

_____ /s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 25, 2025

---

[4] The plaintiffs are cautioned against further conclusory allegations or legal assertions not based in fact. *See Papasan*, 478 U.S. at 286 (the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Merely restating the language that the Court has explained is missing from the Complaint will not be sufficient to state a claim.